IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN PATRICK McDONALD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 22-1851 |
| MARTIN O'MALLEY,[1] *Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 29th day of February, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g). The Clerk is directed to amend the docket to reflect this change.

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).²

---

²      Plaintiff sets forth numerous reasons why he contends that the Administrative Law Judge ("ALJ") erred in finding him not to be disabled under the Act: (1) the ALJ failed in finding that his carpal tunnel syndrome and vertebrae fractures were not severe impairments at Step Two of the sequential analysis set forth in the Social Security Administration's regulations, including by failing to adequately develop the record; (2) the Appeals Council erred in declining to consider additional evidence from his treating physician; (3) the ALJ improperly disregarded his treating physicians' medical opinions and his ultimate residual functional capacity ("RFC") findings are not based on any medical opinion; and (4) the ALJ improperly disregarded the testimony of the vocational expert ("VE").  The Court disagrees on all counts and finds that the ALJ's decision is supported by substantial evidence.

     As to Plaintiff's first argument, the Court notes that the Step Two determination as to whether a claimant is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment.  *See Bradley v. Barnhart*, 175 Fed. Appx. 87, 90 (7th Cir. 2006).  Accordingly, so long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe.  *See Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); *Lee v. Astrue*, Civ. No. 06-5167, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); *Lyons v. Barnhart*, Civ. No. 05-104, 2006 WL 1073076, at *3 (W.D. Pa. Mar. 27, 2006); *Gerald v. Berryhill*, No. 3:17-CV-00575, 2018 WL 7364649, at *5 (M.D. Pa. Oct. 12, 2018), *report and recommendation adopted*, No. CV 3:17-575, 2019 WL 719829 (M.D. Pa. Feb. 19, 2019).  Here, the ALJ found that Plaintiff did have severe impairments to satisfy Step Two; since Plaintiff's claim was not denied at that step, it does not matter whether the ALJ erred in failing to find that Plaintiff's carpal tunnel syndrome and vertebrae fractures were also severe impairments.

     Regardless, the ALJ properly found that Plaintiff's carpal tunnel syndrome and vertebrae fractures were not severe even under the lenient standard of Step Two.  An impairment is "not severe" where the medical evidence establishes that the condition has no more than a minimal effect on the claimant's ability to perform basic work activities, including *inter alia*, physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling.  *See* 20 C.F.R. §§ 404.1522(b), 416.922 (b); Social Security Ruling 85-28, 1985 WL 56856 (S.S.A.), at *3 (1985); *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003) (citing SSR 85-28).  Plaintiff bears the burden of proof at this step.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  While Step Two is a *de minimis* screening device to dispose of groundless claims, *see Newell*, 347 F.3d at 546, even under this lenient standard, the Court finds that the ALJ's decision was supported by substantial evidence.

     The ALJ acknowledged that Plaintiff had been diagnosed and treated for carpal tunnel syndrome and that he had a history of vertebrae fractures.  However, the mere existence of a diagnosis does not equate to a severe impairment.  *See Phillips v. Barnhart*, 91 Fed. Appx. 775, 780 (3d Cir. 2004).  Here, in discussing Plaintiff's diagnosis and treatment for carpal tunnel

syndrome, the ALJ noted his complaints of tingling, numbness, and tenderness in his left wrist. He pointed out, though, that after release surgery in March of 2018, there were minimal continued complaints and objective medical evidence, including clinical examination findings, demonstrating no significant limitations and full grip strength and range of motion. (R. 31). The ALJ also noted that the consultative examiner and the state agency medical consultants did not suggest the need for any manipulative limitations and that Plaintiff, in fact, did not allege any specific limitations stemming from this condition. (*Id.*). Similarly, the ALJ did not dispute that Plaintiff suffered from vertebrae fractures but stressed that Plaintiff had sought no treatment and alleged no functional limitations based on this condition. He also considered medical imaging showing no significant issues. (*Id.*). Indeed, even now, Plaintiff does not suggest what additional restrictions should have been included in the RFC to account for his wrist and back problems.

In any event, the ALJ properly accounted for any limitations caused by Plaintiff's carpal tunnel syndrome and vertebrae fractures in formulating his RFC. Plaintiff argues that the ALJ failed to do so because the RFC contained no limitations regarding his use of hands or that might result from his back condition. In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996). *See also* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." SSR 96-8p at *5. Here, the ALJ found – correctly – that carpal tunnel syndrome and vertebrae fractures did not constitute severe impairments. Nonetheless, he expressly noted that these conditions were accounted for by the limitation to medium work with postural restrictions contained in the RFC. As discussed above, his rationale was solid and well-explained.

Plaintiff further suggests that the ALJ failed to develop the record adequately in regard to the impact of these conditions on his ability to perform work-related activities. He is correct, of course, that an ALJ has a duty to develop a full and fair record in a social security case. *See Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995); *Carmichael v. Barnhart*, 104 Fed. Appx. 803, 805 (3d Cir. 2004); 20 C.F.R. §§ 404.1512(b)(1), 416.912(b)(1). It does, however, remain Plaintiff's burden to supply evidence in support of his claim. *See Ventura*, 55 F.3d at 902; *Money v. Barnhart*, 91 Fed. Appx. 210, 215 (3d Cir. 2004) (citing *Bowen*, 482 U.S. at 146 n.5); *Hess v. Sec. of Health, Educ., and Welfare*, 497 F.2d 837, 840 (3d Cir. 1974). Here, Plaintiff provides no specifics as to how the already lengthy record should have been further developed, pointing to no additional evidence that should have been included that would have supported his claim.

Plaintiff next asserts that the Appeals Council erred in denying his request for review based on the medical source statement from Grace McGorrian, M.D., dated September 16, 2022 – about 10 months after the ALJ issued his decision on November 15, 2021. However, 42 U.S.C. § 405(g) permits a district court to review only the Commissioner's final decision. *See also Califano v. Sanders*, 430 U.S. 99, 108 (1977). Since the Appeals Council declined to review the ALJ's decision, that ALJ decision became and constitutes the Commissioner's final decision. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000) (citing 20 C.F.R. §§ 404.900(a)(4)-(5), 404.955, 404.981,

3

422.210(a)); *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001) ("No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review."). As such, the Court here is not reviewing the appropriateness of the Appeals Council's actions, but rather the ALJ's decision. *See Daniel M. v. Comm'r of Soc. Sec.*, No. CV 21-10533 (RMB), 2022 WL 2952912, at *6 (D.N.J. July 26, 2022).

What the Court can do is decide whether a remand pursuant to Section 405(g) is warranted based on the new evidence from Dr. McGorrian. Although evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence, that evidence may establish the need for a sentence six remand. *See Matthews*, 239 F.3d at 594; *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 360 (3d Cir. 2011). Sentence six provides:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

To remand a case based on new evidence which was not before the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination. Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. *See Matthews*, 239 F.3d at 594; *Szubak v. Secretary of Health & Human Services*, 745 F.2d 831, 833 (3d Cir. 1984). Plaintiff cannot meet this burden.

Even assuming that the evidence meets the first criterion by constituting new, non-cumulative evidence, it fails to meet the remaining two. As noted, Dr. McGorrian's opinion is dated September 16, 2022, and therefore postdates the ALJ's decision by 10 months. *See Szubak*, 745 F.2d at 833 ("An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of [a] previously non-disabling condition."); *Rainey v. Astrue*, Civ. No. 11-125-E, 2012 WL 3779167, at *8 (W.D. Pa. Aug. 31, 2012). Despite Plaintiff's claim to the contrary, Dr. McGorrian's September 2022 opinion does not purport to relate to any time except the time in which it was prepared.

However, even if it could be found to relate back to the relevant period, Plaintiff has not attempted to – and cannot – establish good cause for not having incorporated this evidence into the record previously. No reason has been offered for failing to obtain a function-by-function opinion from Dr. McGorrian – who treated Plaintiff at least as early as January 2021 (R. 705) – sooner so as to make it available to the ALJ when he rendered his decision. In fact, it appears that the assessment may even have been performed *in response* to the ALJ's unfavorable decision, as there is no mention at the hearing that Plaintiff had scheduled or was waiting on such

4

an assessment. Such "sand-bagging" does not constitute good cause to support a Sentence Six remand. *See Glover v. Comm'r of Soc. Sec.*, No. 1:09-cv-520, 2010 WL 2671291, at *5 (W.D. Mich. June 10, 1010) ("The sentence six 'good cause' requirement is not met by the solicitation of a medical opinion to contest the ALJ's decision.") (*citing Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997), and *Koulizos v. Secretary of Health and Human Servs.*, No. 85-1654,1986 WL 17488, at *2 (6th Cir. Aug. 19, 1986)).

Third, Plaintiff argues that the ALJ improperly disregarded his treating physicians' medical opinions and that his RFC findings were not based on any medical opinion. Specifically, he argues that the ALJ failed to adequately consider the opinion letters of Dr. McGorrian, dated January 6, 2021 (R. 705) and Stephen Zerby, M.D., dated February 8, 2021 (R. 706). He asserts that, as opinions of treating medical sources, they are entitled to greater weight than those of a physician who has examined him just once or not at all, citing what is commonly referred to as the "treating physician rule." (Doc. No. 12, pp. 15-16). However, as the Commissioner points out, for cases such as this one, filed on or after March 27, 2017, the regulations have eliminated the treating physician rule. *Compare* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). While the medical source's treating relationship with the claimant is still a valid consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* §§ 404.1520c(b) and (c), 416.920c(b) and (c).

In any event, the ALJ did expressly acknowledge that Dr. Zerby was Plaintiff's treating psychiatrist. However, he noted that Dr. Zerby's letter was not persuasive because it contained no function-by-function analysis for the purpose of determining Plaintiff's RFC. (R. 36). The ALJ also considered Plaintiff's treating relationship with Dr. McGorrian, finding there to be no contemporaneous records of any such treatment. (*Id.*). He indicated though, that Dr. McGorrian's statement went to the broader issue of entitlement to disability benefits reserved to the Commissioner rather than to Plaintiff's actual functional capacity. It is well established that a physician's statement that a claimant is "disabled" or "unable to work" is not binding on the ALJ, as opinions as to whether a claimant is disabled is reserved to the Commissioner of Social Security. *See* 20 C.F.R. §§ 404.1520b(c)(3)(i) and 416.920b(c)(3)(i); *Griffin v. Comm'r of Soc. Sec.*, 305 Fed. Appx. 886, 891 (3d Cir. 2009); *Knepp v. Apfel*, 204 F.3d 78, 85 (3d Cir. 2000). As such, the ALJ's analysis complied with his duties under Sections 404.1520c and 416.920c. Indeed, even under the older regulations, opinions such as these would have been evaluated in much the same way and almost certainly led to the same result.

Plaintiff further contends that the ALJ's RFC determination lacked sufficient record support and notes that the determination "is not based on the opinion of any physician" and posits that the ALJ's findings were at least partially inconsistent with all of the medical opinions in the record. (Doc. No. 12, p.18). This is not, however, error in and of itself. The Third Circuit Court of Appeals has made clear that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler*, 667 F.3d at 361. *See also* 20 C.F.R. §§ 404.1520b(c)(3), 404.1546(c), 416.920b(c)(3), 416.946(c); SSR 96-5p, 1996 WL 374183 (S.S.A.) (July 2, 1996). "There is no legal requirement that a

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

---

physician have made the particular findings that an ALJ adopts in the course of determining an RFC." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). *See also Chandler*, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Circuit Court explained in *Titterington*, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11. Accordingly, an ALJ is not prohibited from making an RFC assessment even if no doctor has specifically made the same findings. *See Hayes v. Astrue*, Civ. No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007).

Here, the ALJ did exactly what he was required to do – consider the entire record in formulating an appropriate RFC. He discussed at length Plaintiff's conservative treatment history absent polysubstance abuse, the objective medical findings, and Plaintiff's activities of daily living in determining Plaintiff's functional abilities. Moreover, while he did not adopt the opinions of the consulting and reviewing agents in their entirety, he did find them to be partially persuasive and considered them carefully in making his RFC findings. Further, although he was not compelled to accept Plaintiff's testimony without question, *see* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); *Chandler,* 667 F.3d at 363, he considered such testimony in his analysis. His findings are therefore more than supported by substantial evidence.

Plaintiff's final argument is that the ALJ disregarded the testimony of the VE that an individual off task more than 15 percent of the time would not be able to work. (R. 68-69). However, as the Commissioner points out, the ALJ did not find that Plaintiff was so limited in regard to off-task time, and the ALJ need not adopt VE testimony in response to a hypothetical limitation that is not supported by the record. *See Szallar v. Comm'r of Soc. Sec.*, 631 Fed. Appx. 107, 111 (3d Cir. 2015); *Jones v. Barnhart*, 364 F.3d 501, 506 (3d Cir. 2004). The Court notes that "objections to the adequacy of hypothetical questions posed to a vocational expert often boil down to attacks on the RFC assessment itself," *Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d Cir. 2005), and that, as discussed herein, substantial evidence supports the ALJ's RFC assessment. Because the operative hypothetical accurately conveyed Plaintiff's RFC, the ALJ appropriately relied upon the vocational expert's response.

Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his findings. The Court will therefore affirm.